UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANE DAIGLE, and** <br> **DHD OFFSHORE SERVICES** | **CIVIL ACTION NO:** |
| **VERSUS** | **DISTRICT JUDGE** <br> **HON.** |
| **THE CITY OF MORGAN CITY** <br> **A MUNICIPALITY OF** <br> **THE STATE OF LOUISIANA** | **MAGISTRATE JUDGE** <br> **HON.** |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.

Discrimination against political speech is offensive to the First Amendment. Plaintiffs bring this suit because the City of Morgan City has an ordinance that, both as written and as applied, discriminates against political speech by barring plaintiffs from advocating for a political candidate. The City of Morgan City is enforcing that ordinance against the plaintiffs, prohibiting them from advocating Stephen Swiber, their preferred candidate for Louisiana Senate.

**A. Parties and jurisdiction**

2.

Dane Daigle is the manager of DHD Offshore Services.

3.

DHD Offshore Services is a limited liability company doing business in Morgan City and the owner of a certain property at 7889 LA-182 Morgan City, Louisiana.

4.

Subject matter jurisdiction is appropriate in this Court under the First and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. § 1983, seeking redress for

the deprivation of the constitutional rights of the plaintiffs. Subject matter jurisdiction is further appropriate under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).

5.

Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Fed. R. Civ. P. Rule 57 and 65; and by this Court's inherent authority.

6.

Personal jurisdiction against the City of Morgan City is appropriate in this judicial district because Morgan City is located in this judicial district.

7.

A municipality is a person subject to suit under 42 U.S.C. § 1983.

8.

The City of Morgan City and its officers and officials are responsible for creating and enforcing its ordinances.

### B. The Morgan City Anti-Advocacy Ordinance

9.

Stephen Swiber is also a domiciliary of the State of Louisiana, and he lives in Gibson, Louisiana. He works in the city of Amelia. He is running for the Louisiana Senate District 21. His website is available at https://www.stephenswiber.com/about. He announced his candidacy on March 22, 2023.

10.

Dane Daigle is a business associate of Stephen Swiber. Dane is a supporter of Stephen Swiber's campaign, and he hopes that Stephen Swiber will be elected for the benefit of the State of Louisiana. He wants to advocate for the candidacy of Stephen Swiber to that end.

11.

On or about May 3, 2023, Dane Daigle put up a sign on the premises of the company he manages, DHD Offshore Services, facing the street. That sign advocates for Stephen Swiber's candidacy. Dane Daigle put up this sign to show that both he personally, and his company, support Stephen Swiber's candidacy. Dane further put up this sign to show that Stephen Swiber has the support of DHD Offshore Services, which is a significant employer, and a respected company, in Morgan City. Dane and DHD both believe that Stephen Swiber's election would be good for the state of Louisiana, and want to share that belief with the public by placing signage in support.

12.

Mr. Daigle would soon learn that Morgan City has an ordinance that prohibits the advocacy of political causes and political candidates except in narrow circumstances. Morgan City Code 1961 § 19-41; Ord. No. 07-10, § 1(6)(b). A true and correct copy of the Anti-Advocacy Ordinance is attached as Exhibit A, and it is available here:

https://library.municode.com/la/morgan_city/codes/code_of_ordinances

That ordinance provides:

> Temporary signs **for the purpose of advertising political candidates or issues**, for which an election date has been legally established, shall be permitted in all zoned districts. In districts zoned residential and business, such signs shall not exceed 48 inches by 48 inches, **and shall not be displayed earlier than 60 days prior to the date of the election.** All such signs shall be removed within 48 hours after they are no longer valid and shall be exempt from permit fees and deposit requirements (emphasis added).

13.

The Morgan City Code facially discriminates against political speech and political advocacy.

14.

If Dane Daile were advertising for a business, or a religious cause, or a social cause, that sign would not violate the Morgan City Anti-Advocacy Ordinance. Only because the sign advocates for a political candidate (and, by implication, Dane Daigle's and DHD Offshore's political stance and affiliation) does the sign offend the ordinance.

15.

The plaintiffs are entitled to advocate for the candidacy of Stephen Swiber. The residents of Morgan City are entitled to advocate for political causes and for political candidates of their choosing.

### C. Morgan City enforces the ordinance

16.

On or about May 3, 2023 Mr. Daigle placed a sign on the property of the DHD Offshore. The same day, on May 3, the City of Morgan City removed the sign at DHD Offshore, acting by and through its planning and zoning office.

17.

Dane Daigle is aware of other political signs that have been removed, and further, that the city of Morgan City has not been willing to alter or suspend its ordinance even though the Anti-Advocacy Ordinance is facially violative of the First Amendment. Morgan City has indicated its intent to continue enforcing the ordinance.

18.

Failure to comply with the Morgan City Anti-Advocacy Ordinance subjects the plaintiffs to a total removal of all signs for a minimal period of one year. Code 1961, § 19-65; Ord. No. 07-10, § 1. It further subjects the plaintiffs to the possibility of a $500 fine per day that any sign is left up, and imprisonment for a term not exceeding 60 days. Code 1961, § 1-8.

19.

Morgan City's enforcement of its ordinance is the result of actions of persons and representatives of the city who are acting in their capacity as state officials. All acts have been committed by Morgan City under color of state law and municipal authority.

20.

The ordinance, as-written and as-applied, discriminates against speech on the basis of content: it prohibits political speech within the effective area of the ordinance.

21.

Discrimination on the basis of viewpoint is adequate reason to find the ordinance offensive to the First Amendment. In addition, Louisiana Senate District 21 is much larger than just Morgan City. Candidates for Louisiana Senate District 21 whom Mr. Dagile and DHD Offshore do not support are free to have signs where their families, friends, and supporters live and work, but plaintiffs are not free to advocate for their preferred candidate within the judicial district where they live, work, and own property.

22.

The First Amendment has been incorporated to the states and all political subdivisions through the Fourteenth Amendment.

23.

Plaintiffs were deprived of their rights under the First Amendment when Morgan City removed the sign for Stephen Swiber for Louisiana Senate from DHD Offshore's premises.

**D. Plaintiffs are entitled to a temporary restraining order and to a preliminary injunction.**

24.

The purpose of a temporary restraining order is to preserve the status quo of the subject matter of the litigation and prevent irreparable harm until a hearing can be held on a preliminary injunction. The status quo is the last peaceable, non-contested status that preceded the controversy. To obtain a temporary restraining order or preliminary injunction, plaintiffs must demonstrate:

 i. A substantial likelihood of success on the merits;

 ii. A substantial threat of immediate and irreparable harm for which they have no adequate remedy at law;

 iii. The greater remedy will result from denying the temporary restraining order than from its being granted; and,

 iv. That the temporary restraining order will not disserve the public interest.

25.

Plaintiffs will succeed on the merits. The Morgan City ordinance is facially unconstitutional, and unconstitutional as applied. The First Amendment prohibits discrimination on the basis of content of speech.

26.

In a political campaign, time is crucial and there are monetary damages that would suffice. The plaintiffs are entitled to advocate for their preferred candidate, and if they are not able to do

so, plaintiffs lose crucial time in which candidates opposed by the plaintiffs here are free to build support through advocacy by their supporters.

27.

A temporary restraining order is therefore necessary to prevent an irreparable injury to the plaintiffs, and to the public, that would follow from Morgan City's continued enforcement of its ordinance pending the outcome of this matter at trial.

28.

There is no harm to Morgan City by banning enforcement of its ordinance, not just because the ordinance is facially unconstitutional but also because Morgan City allows commercial signs already.

29.

The risk of from enforcement of the ordinance is ongoing, unless restrained.

30.

Granting the proposed temporary restraining order will serve the public interest.

### E. Declaratory Relief

31.

Plaintiffs are entitled to a declaration that the Morgan City Anti-Advocacy Ordinance is an unconstitutional content-based restriction on free speech, violating the First and Fourteenth Amendments.

## F. Prayer

Plaintiffs pray that this Court:

a. Enter judgment, declaring under the Declaratory Judgment Act that the Morgan City ordinance violates the First and Fourteenth Amendments;

b. Enter a preliminary and permanent injunction, enjoining Morgan City from enforcing its Anti-Advocacy Ordinance;

c. Enter a temporary restraining order, restraining Morgan City from enforcing its Anti-Advocacy Ordinance;

d. Award plaintiffs' attorney's fees under 42 U.S.C. § 1988.

e. Grant any such further relief as the Court finds appropriate.

**DATED**: May 4, 2023

Respectfully submitted:

**BOHMAN | MORSE, LLC**

/s/Harry E. Morse
HARRY E. MORSE (#31515)
MARTIN S. BOHMAN (#22005)
400 POYDRAS STREET, SUITE 2050
NEW ORLEANS, LA 70130
TELEPHONE: (504) 930-4009
FAX: (888) 217-2744
E-MAIL: HARRY@BOHMANMORSE.COM
E-MAIL: MARTIN@BOHMANMORSE.COM

*Attorneys for the Plaintiff*