UNITED STATES OF AMERICA
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DANE DAIGLE, ET AL. | CIVIL ACTION NO. 23-0591 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CITY OF MORGAN CITY | MAGISTRATE JUDGE AYO |

**MEMORANDUM ORDER**

Before the Court is a Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 3) filed by Plaintiffs Dane Daigle ("Daigle") and DHD Offshore Services ("DHD"). Daigle is the manager of DHD. See Record Document 1 at ¶ 2. Daigle supports candidate Stephen Swiber ("Swiber"), who is running for the Louisiana Senate District 21. See id. at ¶¶ 9-10. Swiber announced his candidacy on March 22, 2023. See Record Document 3-1 at 5. The primary is on October 14, 2023. See id. On or about May 3, 2023, Daigle put up a sign advocating for Swiber's candidacy on the premises of DHD. See id. at ¶ 11. The sign faced the street. See id. On that same date, the City of Morgan City ("the City") removed the sign at DHD, acting by and through the City's planning and zoning office in accordance with Morgan City Code 1961 § 19-41; Ord. No. 07-10, § 1(6)(b) ("the Ordinance"). See id. at ¶¶ 12, 16. Plaintiffs refer to the Ordinance as the City's "Anti-Advocacy Ordinance."

Plaintiffs move the Court for a temporary restraining order and preliminary injunction enjoying the City – the only named Defendant – from any enforcement of the Ordinance as unconstitutional under the First and Fourteenth Amendments. See Record Document 3. Plaintiffs allege that the Ordinance facially discriminates on the basis of the content of speech and disfavors political advocacy. See id. Plaintiffs further argue that

the City's violation of the First Amendment is ongoing and is not redressable except through a temporary restraining order and preliminary injunction.  See id.  The City has not appeared at this time.

The prerequisites for granting injunctive relief under Federal Rule of Civil Procedure 65 were set out by the Fifth Circuit in Canal Authority of the State of Florida v. Callaway, 489 F.2d 567 (5th Cir.1974).  The Fifth Circuit held that such extraordinary relief would issue only where (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest. Id. at 572–73.  The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. See Mississippi Power and Light Co. v. United Gas Pipeline, 760 F.2d 618, 621 (5th Cir.1985).  Here, based on the showing made in the motion, the Court finds that Plaintiffs have not met their burden to warrant entry of a temporary restraining order.  The primary election is over five months away; thus, this Court believes a temporary restraining order is not the proper procedural mechanism to achieve the relief sought at this stage of the litigation.  However, an expedited hearing on the motion for preliminary injunction is appropriate.  Once the City has appeared in this matter, counsel are directed to immediately contact the Court to schedule the preliminary injunction hearing and set related deadlines.

Accordingly,

**IT IS ORDERED** that the Motion for Temporary Restraining Order (Record Document 3) is **DENIED**. The Motion for Preliminary Injunction (Record Document 3) is **DEFERRED** to a later hearing to be set in due course.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 5th day of May, 2023.

_____
United States District Judge